# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BAYER CORPORATION,**
**Employer Below, Petitioner**

**FILED**
November 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0243** (BOR Appeal No. 2046250)
              (Claim No. 2010101089)

**LUANN TONEY, WIDOW OF**
**JOHN TONEY III (DECEASED),**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bayer Corporation, by Timothy E. Huffman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Luann Toney, by E. William Harvit, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 25, 2012, in which the Board affirmed a July 22, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 18, 2009, decision rejecting Ms. Toney's claim for dependents' benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Toney worked as a chemical operator for Bayer Corporation from November of 1986 until April 23, 2008. Ms. Toney alleges that Mr. Toney was exposed to occupational asbestos, and it caused malignant mesothelioma, which led to his death in July of 2009. The claims administrator rejected Mr. Toney's application for workers' compensation benefits. The Occupational Pneumoconiosis Board concluded that Mr. Toney was exposed to occupational asbestos and that it could have caused his malignant mesothelioma. Dr. Lockey and Dr. Ranavaya found occupational asbestos exposure was not the cause of Mr. Toney's malignant mesothelioma.

1

The Office of Judges reversed the claims administrator's decision, and granted the claim for dependents' benefits, and held that Mr. Toney contracted testicular mesothelioma as a result of his exposure to asbestos in his workplace and that it contributed in a material degree to his death. Bayer Corporation disagrees and asserts that the medical evidence of record fails to establish a direct link between Mr. Toney's alleged intermittent exposure to asbestos and the testicular cancer, which resulted in his death.

The Office of Judges concluded by a preponderance of the evidence that Mr. Toney was exposed to asbestos at work, and that his contact with asbestos was not infrequent nor merely occasional. The Office of Judges based its conclusions upon Mr. Toney's and Mr. Stone's depositions that Mr. Toney beat insulation out of pipes on a regular basis to fix a pipe leak and scraped materials out of gaskets. Mr. Wey, a health, safety, and environment representative for the employer during 2002 to 2010, stated that Mr. Toney's job responsibilities would not have required him to work directly with asbestos, even though asbestos materials could have been present in the workplace. The Office of Judges determined that Mr. Wey's opinion was not persuasive since he failed to conduct a formal assessment, and only reviewed Mr. Toney's job description and inquired if Mr. Toney had ever reported asbestos exposure. The Office of Judges relied on the Occupational Pneumoconiosis Board's conclusions that Mr. Toney's exposure outside of work was minimal and that his work-related exposure was much greater.

The Office of Judges relied on the Occupational Pneumoconiosis Board's conclusions. The Occupational Pneumoconiosis Board found that Mr. Toney's only risk factor for developing malignant mesothelioma was his exposure to asbestos. The Office of Judges found the Occupational Pneumoconiosis Board's testimony provided an explanation of how testicular mesothelioma can be developed from asbestos exposure. The Office of Judges noted that Dr. Lockey and Dr. Ranavaya opined that asbestos exposure was not the cause of the malignant mesothelioma, but were unable to provide an alternative cause of Mr. Toney's disease. The Office of Judges held that Mr. Toney contracted testicular mesothelioma as a result of his exposure to asbestos in his workplace, and that it contributed in a material degree to his death. The Board of Review reached the same reasoned conclusions in its decision of January 25, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 18, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II